# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

MINISTRY OF DEFENCE OF

THE STATE OF KUWAIT

    *Plaintiff,*

    v.                          Civil Action No. 1:22-cv-01270- MSN-JFA

JOSEPH MOHAMMAD NAFFA,

    and

NAFFA & ASSOCIATES, LLP,

    *Defendants*

## PLAINTIFF'S MOTION FOR LEAVE TO FILE
## SECOND AMENDED COMPLAINT

Plaintiff Ministry of Defence of the State of Kuwait, by and through its undersigned counsel, requests that the Court grant the Plaintiff leave to file the Second Amended Complaint submitted herewith as Exhibit I.

## Introduction

Defendants filed a Rule 12(b) Motion to Dismiss on December 6, 2022, asserting various defects in Plaintiffs' complaint, including arguments that Plaintiff's claims are barred by the applicable 3-year D.C. statute of limitations. In response, Plaintiff prepared and submitted a First Amended Complaint. Such is the right of every Plaintiff where Defendants elect to attack the sufficiency of the complaint rather than answering it. Defendants then filed a second Motion to Dismiss on January 13, 2023.

In their second Motion to Dismiss, Defendants acknowledged that their first Rule 12(b) motion cited the wrong case law regarding the statute of limitations. Defendants therefore bring new arguments in their second Motion to Dismiss. Had Defendants made these arguments in the first instance, Plaintiff's First Amended Complaint would have made changes to address them.

In response to the mutual mistake of the parties that continued through the First Amended Complaint, Plaintiff now wishes to dismiss Counts II, III and V in favor of prosecuting its claims for Breach of Contract and Conversion. Counts VI-VIII were withdrawn by former co-plaintiff Ministry of Health.

## Summary of Amendments

The proposed Second Amended Complaint serves two purposes: It removes from the complaint now-irrelevant material relating to the party and counts that are withdrawn from the case, and adds six clarifying paragraphs 202-207. In particular, the Second Amended Complaint differs from the First Amended Complaint as follows:

1. Removes all references to and allegations of the former co-Plaintiff Ministry of Health, which has withdrawn from the suit.

2. Remove Counts II, III and V that Plaintiff has withdrawn; Count IV is renumbered as Count II.

3. Add paragraphs 202-207 to clarify allegations relating to Count I.

4. Updated the Prayer for Relief to conform to the two remaining Counts.

5. Removes Exhibits E and F.

For the convenience of the Court and the parties in reviewing and arguing Defendants' pending Motion to Dismiss, the paragraph numbers of the allegations in the First Amended Complaint have been maintained unchanged in the Second Amended Complaint. New paragraphs 202-207 replace corresponding paragraphs relating to the former co-plaintiff. All other deleted paragraphs are identified as "withdrawn."

Thus, entry of this Second Amended Complaint will not cause any extra work for the Court or the parties. All citations to the First Amended Complaint in the Defendants' Memorandum in Support of its Motion to Dismiss and the Plaintiff's Response remain the same.

The six added paragraphs are submitted to clarify and summarize other allegations in the complaint relating to Plaintiff's breach of contract claim, as follows:

- Paragraph 202 quotes a written element of the contract shown in Exhibit C to the previous complaints. As the contents of that Exhibit was already part of the complaint, reciting it here adds no new issues. Similarly, paragraph 203 summarizes the allegations in existing paragraphs 25-26, 42-51, 66-67, 79, 99-100 and others, as well as information that can be seen in Exhibits B-D and is therefore summary in nature rather than introducing any new issues.

- Paragraphs 204 and 205 summarize with more direct language the allegations of Paragraphs 87, 226-227, and 236-237 that there is a material difference between Naffa's services and the services of an attorney and that the substitution was a breach of contract.

- Paragraphs 206 and 207 summarize with more direct language the allegations of Paragraphs 187-188, 194 and 199 and clarify that Plaintiffs seek either return of all funds paid (through rescission or otherwise) or in the alternative, money damages for the reduced value of the services provided.

**Standard for Granting Leave**

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2) (2008). "A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." Equal Rights Center v. Niks Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010).

**Argument**

This amendment is not prejudicial to the Defendants, nor has Plaintiff acted in bad faith in its pleadings, nor is the amendment futile. Therefore, it is appropriate for the Court to freely give leave for the proposed amendment.

On balance the amendment benefits efficient administration of justice. The amendment removes six counts and their related allegations, relieving Defendants from answering those

paragraphs. The proposed amendment adds only six new paragraphs. At this stage of the litigation, Defendants have not filed an answer and it will neither prejudice Defendants nor work any hardship to add these allegations.

## Conference of Parties

The parties met by telephone on January 23, 2023 to discuss this motion and attempt to narrow or resolve the issues. Defendants stated that they do not object to Plaintiff's withdrawal of claims but were not prepared at that time to agree to other changes. Plaintiff is hopeful that after reviewing the contents of this motion and the limited nature of the proposed changes, Defendants will consent to entry of the Second Amended Complaint.

## Conclusion

For the reasons provided above, Plaintiff requests that the Court allow Plaintiff to enter its Second Amended Complaint.

Respectfully submitted,

**THE MINISTRY OF DEFENCE
OF THE STATE OF KUWAIT**

By its Counsel:

***/s/ Evan R. Smith***

Evan R. Smith
Virginia Bar No. 31425
Attorney for Plaintiff

**COGENT LAW GROUP LLP**
2001 L Street NW STE 500
Washington, DC 20036
Office: (202)644-8880
Fax: (202) 644-8880
esmith@cogentlaw.co

# CERTIFICATE OF SERVICE

I hereby certify that on this date, an electronic copy of the foregoing will be served using the Court's CM/ECF system on the following:

Thomas G. Connolly
Timothy Joseph Simeone
Thomas Brent Mason
HWG LLP
1919 M Street NW, 8th Floor
Washington, DC 20036

*Attorneys for Joseph Naffa and Naffa & Associates LLP*

Dated:  January 30, 2023

                                          Respectfully submitted,

                                          /s/ Evan R. Smith

                                          _____
                                          Evan R. Smith
                                          Virginia Bar No. 31425
                                          Cogent Law Group LLP
                                          2001 L Street NW STE 500
                                          Washington, DC 20036
                                          Office: (202) 644-8880
                                          Fax: (202) 644-8880
                                          esmith@cogentlaw.com